[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Karen Eckert, et al (Eckert), brought suit against the defendant, Fort Rachel Marine (Fort Rachel), claiming damages to their boat and lost income while the boat was being repaired.
The suit is brought in two counts, one for breach of contract and the other in negligence. The court heard evidence on January 21, 22 and 23 of 1998. The plaintiffs then filed a twelve page brief and the defendant a thirty-one page brief.
The plaintiff brought his boat to the defendant's yard to have it hauled on July 2, 1994. The boat had blown an engin and needed a new one as well as clean up of oil spilled into the bilge. When the boat was on the lift, the metal drive shaft sheared dropping the bow of the boat into the water causing damage to the hull and railings at the bow. This damage was repaired by the Noank Village Boatyard. The amount of the bill was $6,406.58. It covered all the damage caused by the boat's fall from the lift. The bill was paid by the defendant's insurance. It was never explained to the court why the defendant's insurance paid this bill, but it did.
The parties argued as to the distance the boat fell and the cause of the failure of the lift. The court finds that the plaintiff has failed to prove negligence. The shearing of the drive shaft was not the type of failure that could be anticipated CT Page 3905 by reasonable inspection. The court, therefore, finds for the defendant on the negligence count.
On the other hand, having paid for the damages to the boat in full, the court cannot now accept the defendant's inconsistent claim of no breach of contract and finds for the plaintiff on the contract count.
In addition to the physical damage to the boat, which has been paid in full, the plaintiff also claims damages for lost charters and loss of future business. He claims the boat was not launched until July 29, 1994, although he concedes removal of the damaged engine and installation of a new one would have taken until July 12, 1994. He is therefore, claiming loss of business between July 1, and July 28 in the amount of a net loss of $5,954.50. In addition, he is claiming a loss of business in the years 1994, 1995 and 1996. He claims that this loss is due to his boat being inoperable during July, 1994. Without presenting any evidence as to cause of the loss of this future business, he asks the court to award $105,459.46 in damages.
With respect to the lost charters during July, 1994, there was evidence that it would take at least eleven days to remove the old engine, procure a new one and install it. The repairs by Noank Village Boat yard show only seventy-two hours of work. A maximum of nine days. Thus, the actual repairs would have kept the boat out of the water for less time than replacing the engine would take. The court further finds that the replacement engine was not delivered until July 25 and the boat was back in the water on July 27, 1994. Thus, the hull repairs were completed before the engine was replaced. The court must find that the hull damage did not delay the return of the boat to service any longer than did the engine replacement.
Accordingly, the court rules that the plaintiffs have failed to prove any damages beyond those for which they have already been compensated. The claims for lost profits and future business growth are too speculative to be permitted by the court and not supported by any evidence.
Judgment, therefore, will enter in favor of the defendant.
D. Michael Hurley Judge Trial Referee CT Page 3906